# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL A. JERKOVICH, dba SUPER SUDS LAUNDRY,<br><br>Respondent. | Case No. 1:17-CV-01144-DAD-SKO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO PERMIT ALTERNATE PROCESS SERVICE**<br><br>(Doc. 7) |

## **INTRODUCTION**

Before the Court is a Notice and Motion to Permit Alternate Process Service filed by Petitioner United States of America (the "Government"), requesting the Court's permission to serve process upon Respondent Michael A. Jerkovich, dba Super Suds Laundry ("Respondent") by means other than those allowed by Fed. R. Civ. P. 4(e). (Doc. 7.) For the reasons set forth below, Respondent's Motion is GRANTED.

## **BACKGROUND**

On December 6, 2016, the Internal Revenue Service ("IRS") issued a summons to Respondent directing him to appear before a Revenue Officer on December 20, 2016. (Doc. 1, ¶¶ 6-7.) Respondent did not comply with the summons and failed to appear on December 20, 2016,

or otherwise respond to the summons by phone or in writing. (Doc. 1, ¶ 8.) On August 24, 2017, the Government filed a petition seeking a court order directing Respondent to show cause why he should not be compelled to comply with and obey the summons. (Doc. 1.)

On August 29, 2017, pursuant to the Government's request, the Court ordered Respondent to appear on October 18, 2017, and show cause why he should not be compelled to obey the IRS summons issued on December 6, 2017. (Doc. 4.) The Court required that the Order to Show Cause ("OSC"), along with other relevant documents, be served on Respondent pursuant Federal Rule of Civil Procedure 4 ("Rule 4"). (Doc. 4, ¶ 3.) The Government was unable to serve the OSC and other documents on Respondent pursuant to Rule 4 and requested a continuance of the OSC hearing to accomplish service of the Court's Order. (Docs. 5, 6.)

On November 3, 2017, Petitioner filed the instant Motion to Permit Alternate Process Service because all attempts at service upon Respondent at his residence pursuant to Rule 4 were unsuccessful. (Doc. 7.)

**DISCUSSION**

The Government moves the Court to permit alternate process service through the October 26, 2017, posting to the door of Respondent's residence, and the October 27, 2017, mailing to Respondent's residence via both U.S. Mail and Certified Mail Return Receipt Requested. (Doc. 7, 5:2-5.) Petitioner also moves the Court to deem the service completed based on the posting and mailing. (Doc. 7.) Respondent did not file an opposition to this Motion.

**A. Legal Standard**

Under Federal Rule of Civil Procedure 4(e)(1), service upon an individual may be effected in any judicial district of the United States:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The goal of Rule 4 is "to provide maximum freedom and flexibility in the procedures for giving all defendants ... notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process." *Elec. Specialty Co. v. Rd. & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (citation omitted). Due Process requires that any service of notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

While the Federal Rules "have an application to a summons proceeding," they "are not inflexible." *U.S. v. Donaldson*, 400 U.S. 517, 528–29 (1971). A district court "may limit their application in a proceeding to enforce a summons, which is intended to be a summary proceeding, so long as the rights of the party summoned are protected and an adversary hearing, if requested, is made available." *U.S. v. Church of Scientology of Cal.*, 520 F.2d 818, 821 (9th Cir. 1975) (quoting *Donaldson*, 400 U.S. at 529).

Federal Rule of Civil Procedure 81(a)(5) gives district courts the discretion in subpoena enforcement proceedings "to tailor the Federal Rules to the particular need and purposes of the proceeding." *U.S. v. McCoy*, 954 F.2d 1000, 1004 (5th Cir. 1992). Courts have held that Rule 81 provides the Court the authority to allow a less formal service of process than that required under Rule 4. *FTC v. Carter*, 636 F.2d 781, 791 (D.C. Cir. 1980). Rule 81(a)(5) "make[s] application of the rules of civil procedure in subpoena enforcement proceedings discretionary with the district court." *U.S. v. S.E. First Nat'l Bank of Miami Springs*, 655 F.2d 661, 663 (5th Cir. 1981). "Although the court may resort to the rules whenever it deems them helpful, it need not apply the rules when to do so may conflict with the summary determination desired." *Id.* (quotation and citation omitted).

**B.    Analysis**

The OSC issued by the Court on August 29, 2017, provides as follows:

> To afford Respondent an opportunity to respond to the petition and Petitioner an opportunity to reply, a copy of this order, the Petition and its Exhibit, and the Points and Authorities, shall be served by delivering a copy to Respondent personally, or by leaving a copy at Respondent's dwelling house or usual place

3

> of abode with some person of suitable age and discretion then residing therein, or by any other means of service permitted by Fed. R. Civ. P. 4(e), at least 30 days before the show cause hearing date including any continued date, unless such service cannot be made despite reasonable efforts.

(Doc. 4, ¶ 3.) Paragraph 5 elaborates:

> If the federal employee assigned to serve these documents is not reasonably able to serve the papers as provided in paragraph 3, Petitioner may request a court order granting leave to serve by other means. *See* Fed. R. Civ. P. 81(a)(5). The request shall detail the efforts made to serve Respondent.

(Doc. 4, ¶ 5.)

After the Court issued the OSC, Revenue Officer ("RO") David M. Lopez attempted to serve Respondent personally at his residence on August 31, 2017, and twice on September 7, 2017. (Doc. 7-2, ¶¶ 5(a)-(b).) Respondent contacted RO Lopez by phone on September 7, 2017, agreed to meet with RO Lopez on September 11, 2017, but failed to meet with RO Lopez September 11, 2017. (Doc. 7-2, ¶¶ 5(c)-(d).) On September 19, 2017, to allow further attempts to serve Respondent, Petitioner requested a continuance of the OSC hearing, which the Court reset to November 29, 2017. (Docs. 5, 6.)

RO Lopez again attempted to serve Respondent personally at his residence on September 27, 2017, and October 16, 2017, without success, despite hearing voices inside the residence and observing Respondent's vehicle in the driveway. (Doc. 7-2, ¶¶ 5(e), (g).) On October 26, 2017, RO Lopez left Respondent a voicemail message, and Respondent never returned the call. (Doc. 7-2, ¶ 5(h).)

Finally, on October 26, 2017, Pamela Beauvais, a Legal Assistant with the U.S. Attorney's Office in Sacramento, California, mailed a copy of the OSC and supporting documents to Respondent's residence by ordinary U.S. Mail and Certified Mail Return Receipt Requested. (Doc. 7-4, ¶ 2.) On October 27, 2016, another RO, Evan D. Moses, attempted to serve the OSC on Respondent at his residence. (Doc. 7-3, ¶ 3; *see also* Doc. 7-2 ¶ 7.) After receiving no answer at the door, RO Moses posted to the front door of the residence a sealed envelope containing the OSC and supporting documents. (Doc. 7-3, ¶ 4.)

//

1    The Government has demonstrated through its declarations that it has diligently attempted to serve Respondent pursuant to Rule 4(e). ROs Lopez and Moses attempted to effect personal service upon Respondent at his residence at least six times—at various times throughout the day—between August 31 and October 27, 2017. (*See* Docs. 7-2, ¶ 5; 7-3, ¶ 4.) On several of those occasions, the ROs heard voices inside the residence and observed vehicles on the property, yet no one answered the door. *See*, *e.g.*, *U.S. v. Wildes*, 1:11-cv-01971, 2012 WL 1193360, at *1 (E.D. Cal. Mar. 15, 2012) (granting motion for alternate service where, among other things, the occupants present at respondent's residence would not answer the door for service).

Further, the phone conversations Respondent had with RO Lopez where RO Lopez informed Respondent that he needed to give him IRS documents demonstrate that Respondent was likely aware of this proceeding. *See U.S. v. Franks*, 1:14-cv-00259-LJO-SKO, 2014 WL 3615567, at *4 (E.D. Cal. Jul. 21, 2014) (finding that the respondent's written response and production of some documents to the IRS officers demonstrated the respondent's actual knowledge of the proceedings); *see also*, *e.g.*, *Traveler's Ins. Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1136-37 (9th Cir. 2009) (finding service attempts to be diligent, and granting motion for alternate service, where service was prevented by defendant's knowing and intentional actions to evade service); *U.S. v. Halajian*, 1:15-cv-00632-LJO-EPG, 2015 WL 74655535, at *1 (E.D. Cal. Nov. 24, 2015) (granting the motion on the basis of the respondent's apparent evasion of service).

Finally, the Government's mailing of a copy of the OSC and the supporting documents to Respondent's residence on October 26, 2017—at least 28 days in advance of the OSC hearing—is reasonably calculated to afford Respondent timely actual notice of the OSC proceedings. Additionally, it satisfies the Due Process requirement that service be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action, and to afford them an opportunity to present their objections. *Franks*, 2014 WL 3615567, at *4.

For the reasons set forth above, the Government's Motion for Alternate Process Service is GRANTED. To comply with Local Rule 230, the Government must serve a copy of the OSC upon Respondent, including notice of the new OSC hearing date, at least 28 days in advance of the

hearing. *See* Local Rule 230. Accordingly, the Court DENIES Petitioner's request that service of the OSC and supporting documents be deemed complete based on the October 26, 2017, posting to the door of Respondent's residence, and October 27, 2017, mailings to Respondent.

## **CONCLUSION AND ORDER**

For the reasons set forth above, IT IS HEREBY ORDERED that:

(1) Plaintiff's Motion is GRANTED to the extent it seeks leave for alternate process service;

(2) Plaintiff's Motion is DENIED to the extent it requests that service of the Order to Show Cause and supporting documents be deemed complete based on the October 26, 2017, posting to the door of Respondent's residence, and the October 27, 2017, mailings to Respondent's residence;

(3) The Order to Show Cause Hearing is RESET to January 10, 2018, at 9:30 a.m. in Courtroom 7;

(4) Within two (2) days of this Order, Petitioner shall serve Respondent by mail with the following documents:

    a. A copy of the original Order to Show Cause issued on August 29, 2017 (Doc. 4);

    b. A notice of the new January 10, 2018, Order to Show Cause hearing date;

    c. A copy of this Order;

    d. The Petition, its Exhibits, and supporting Points and Authorities (Doc. 1); and

(5) A Certificate of Service establishing service of these documents shall be filed by Petitioner no later than November 16, 2018.

IT IS SO ORDERED.

Dated: **November 8, 2017**　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE